## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter referred to as "Settlement Agreement" or "Agreement") is made and entered into by and between Plaintiff Maria Luisa Oliva and Defendants San Benito Textile, Inc., Dolores Sanchez, and Jennifer Sanchez (hereinafter referred to as "Defendants"). Plaintiff and Defendants are also hereinafter referred to as "Party" or collectively as "the Parties."

WHEREAS, Plaintiff has an action pending against Defendants in the U.S. District Court for the Southern District of Texas, *Oliva vs. San Benito Textile, Inc., et al.*, No. 1:17-CV-00205 (S.D. Tex. – Brownsville Div.), for claims by Plaintiff against Defendants for (i) unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and (ii) the Texas Minimum Wage Act, Tex. Lab. Code § 62 *et. seq.* (hereinafter referred to as "the Lawsuit").

WHEREAS, Defendants deny all allegations made by Plaintiff in the Lawsuit;

WHEREAS, Plaintiff maintains that the claims she has brought against Defendants in the Lawsuit are meritorious;

WHEREAS, the Parties wish to fully settle and resolve Plaintiff's aforementioned claims against Defendants that were the subject of this Lawsuit;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, it is agreed by and between the Parties as follows:

1. EFFECTIVE DATE: The Effective Date of this Agreement shall be the first date on which it has been signed by all Parties.

2. PAYMENT: In consideration for Maria Luisa Oliva's agreement to all of the terms, conditions and promises in this Agreement, Defendants will deliver the following checks with certified funds in the total gross amount of $20,000.00 (Twenty Thousand Dollars) to counsel for Plaintiff (Nicole Bucheri, 1206 E. Van Buren Street, Brownsville, Texas 78520):

    i. **Check for Unpaid Wages:** A check made payable to Maria Luisa Oliva for the gross amount of $8,275 (Eight Thousand Two Hundred Seventy Five Dollars), less applicable deductions and withholdings (based on a miscellaneous pay period of one year), which will be reported as wage income to the Internal Revenue Service on IRS Form W-2. This check will represent payment for unpaid wages pursuant to the Fair Labor Standards Act.

    ii. **Check for Liquidated Damages:** A check made payable to Maria Luisa Oliva in the amount of $8,275 (Eight Thousand Two Hundred Seventy Five Dollars), which will be reported as "other income" on IRS Form 1099-MISC, line 3. This check will represent payment for liquidated damages pursuant to the Fair Labor Standards Act.

      iii. **Texas RioGrande Legal Aid, Inc.:** One check in the amount of $3450.00 (Three Thousand Four Hundred Fifty Dollars) made payable to Texas RioGrande Legal Aid, Inc., which will represent Plaintiff's claims for attorney's fees and costs, and which shall be reported as gross proceeds paid to an attorney on IRS Form 1099-MISC, line 14.

Defendants agree to deliver the aforementioned payments within fourteen (14) days after the Effective Date of this Agreement.

3. INTEREST: All amounts of the total settlement amount of $20,000.00 remaining due after thirty (30) days after the Effective Date of this Agreement shall bear interest at an annual rate of five percent (5%), until the total settlement amount is paid.

4. TAX REPORTING AND TREATMENT: The Parties acknowledge and agree that neither Party has made any representations to the other regarding the tax consequences of any amounts received or paid by any Party or attorney pursuant to this Agreement. Each Party shall be responsible for assessing its/her own tax liability and for paying the taxes, if any, that she/it may owe on these payments. Solely for tax purposes, and for no other purpose, the Parties agree that the allocation of the Settlement Payment between wage income, other income, and gross proceeds paid to an attorney, as set forth in Paragraph 2 of this Agreement, is reasonable based on disputed facts and law. In executing this Agreement, the Parties declare that it is their intent that the Settlement Payment be allocated as set forth in this Agreement and as reflected in Paragraph 2 of this Agreement. Defendants agree to report and forward all amounts withheld from the wage portions of the payments to Plaintiff (as outlined in sub-paragraph 2(a)(i)) to the federal government, file W-2 and 1099-MISC forms for Plaintiff, and otherwise comply with IRS, Social Security, and Medicare reporting requirements as required by law. Defendants will send copies of the W-2 forms and 1099-MISC forms directly to Plaintiff's counsel on or before January 31, 2019. Defendants will issue Form 1099 to Texas RioGrande Legal Aid, Inc. for the amounts being paid for attorney's fees and costs and shall report these payments to the Internal Revenue Service. On or before January 31, 2019, Defendants will mail the Forms 1099 for attorney's fees and costs to: Attn: Accounting, Texas RioGrande Legal Aid, 301 S. Texas Boulevard, Mercedes, TX 78570.

5. COURT APPROVAL: The parties agree that the Agreement is contingent upon the Court's approval of the Agreement. The parties will take all steps that may be reasonably necessary to secure the Court's approval of the Agreement. If the Court does not approve the Agreement, the Agreement will be deemed null and void.

6. PLAINTIFF'S RELEASE:

    a. Plaintiff knowingly, voluntarily, fully, finally, and completely waives, releases, and forever discharges the Defendants from all claims, actions, and causes of action, whether known or unknown, relating to, or connected with acts or

omissions at any time prior to October 25, 2018. This release does not apply to any claims, of any nature, arising on October 25, 2018 or afterwards.

b. This release does not prevent Plaintiff from otherwise communicating with or participating in an investigation by, a federal, state, or local agency governing employee rights.

c. Nothing contained in this Paragraph shall extend to, or preclude, claims or causes of action in favor of either Party relating to the enforcement of the terms of this Agreement or to any alleged breach of this Agreement, or to any claims or causes of action otherwise arising after the date the Parties sign this Agreement.

7. DEFENDANTS' RELEASE:

   a. Defendant, without limitation, hereby waives, releases, and forever discharges Plaintiff, and Plaintiff's agents, representatives, attorneys, and heirs ("released Plaintiff parties"), from any and all claims, actions, and causes of action, whether known or unknown, relating to, or connected with acts or omissions at any time prior to October 25, 2018. This release does not apply to any claims, of any nature, arising on October 25, 2018 or afterwards.

   b. Nothing contained in this Paragraph shall extend to, or preclude, claims or causes of action in favor of either Party relating to the enforcement of the terms of this Agreement or to any alleged breach of this Agreement, or to any claims or causes of action otherwise arising after the date the Parties sign this Agreement.

8. SIMILARLY-SITUATED WORKERS: Similarly-situated workers who did not join this lawsuit are not parties to this Settlement Agreement and this Settlement Agreement shall not apply to rights or claims that such individuals have or may have against Defendants; nor shall any provision of this Settlement Agreement be interpreted to waive, release, or extinguish any claims or rights that such individuals have against Defendants.

9. DOCUMENT DRAFTING: The Parties agree to cooperate on any pleadings and additional documents necessary to secure the Court's approval of the Settlement Agreement in the Lawsuit.

10. ATTORNEY'S FEES AND COSTS: Other than the amounts listed above, the Parties shall not owe any additional attorney's fees or costs as a result of the claims and defenses raised in this Lawsuit. This shall not prevent any Party from seeking and being awarded fees and costs in an action to enforce this agreement.

11. SUFFICIENCY OF CONSIDERATION: The Parties acknowledge and agree that the consideration provided by the Parties pursuant to this Agreement constitutes good and valuable consideration for the promises and terms in this Agreement.

12. <u>NO ADMISSION OF WRONGDOING</u>. This Agreement does not constitute an admission by Defendants of any of the matters alleged in the Lawsuit or of any violation by Defendants of any federal, state or local law, ordinance or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Defendants. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

13. <u>NO CONCESSION</u>. This Agreement does not constitute a concession by Plaintiff as to any matters alleged in the Lawsuit. Plaintiff maintains that her claims are meritorious and that she would prevail on them at trial. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of any concession by Plaintiff of her claims against Defendants. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

14. <u>ENTIRE AGREEMENT</u>: This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the Parties. Each Party acknowledges that said Party has not relied on any representations, promises or agreements other than those made herein. Any modification to this Agreement must be in writing and signed by all Parties or their representatives.

15. <u>VENUE AND CHOICE OF LAW</u>: This agreement is made and performable in Texas, and shall be governed by and construed in accordance with the laws of the State of Texas. The Parties agree that venue for any action arising from an alleged breach of this Agreement shall lie in Cameron County, Texas.

16. <u>MULTIPLE COUNTERPARTS</u>: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

[Signatures begin on the next page.]

**AGREED:**

**Plaintiff:**

_____     10-29-2018
Maria Luisa Oliva                        Date

**Defendants:**

_____     10-31-18
Dolores Sanchez                          Date

_____     10/31/18
Jennifer Sanchez                        Date

San Benito Textile, Inc.

By: _____     10 31 18
Its: President                             Date